IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LA MESA RACETRACK AND CASINO, L.P., | |
| Plaintiff, | No. 1:13-cv-01238-PJK-KBM |
| vs. | |
| NEW MEXICO RACING COMMISSION, MARTY COPE, ARNOLD RAEL, LARRY DELGADO, THOMAS EDDIE FOWLER and RAY WILLIS, in their individual and official capacities, | |
| Defendants. | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

THIS MATTER comes on for consideration of Plaintiff's Motion for Leave to Amend Complaint filed March 5, 2015 (Doc. 21). Upon consideration thereof, the motion is not well taken and should be denied.

The original complaint in this matter was filed December 30, 2013. Doc. 1. Judge Brack granted Defendants' motion to dismiss the complaint the case was dismissed without prejudice on July 16, 2014. Doc. 15. Defendants filed a motion for reconsideration seeking, *inter alia*, leave to amend. Doc. 16. The case was transferred to the undersigned, and the motion for reconsideration including leave to amend was denied on January 20, 2015. Doc. 20. The instant motion followed.

The court treats the instant motion as one arising under Fed. R. Civ. P. 60(b) because it was filed more than 28 days after the memorandum opinion and order dismissing the case without prejudice (Doc. 15) and more than 28 days after the order denying the first motion seeking reconsideration including leave to amend.  Doc. 20.  Essentially, this second motion for reconsideration concerns amendment of the complaint.  Doc. 21 at 2 ("Plaintiff therefore renews its motion for leave to amend.").  Although Plaintiff argues that Fed. R. Civ. P. 15(a)(2) permits liberal amendment and that a dismissal without prejudice invites amendment, Plaintiff failed to address in its motion, let alone argue, grounds warranting relief under Rule 60(b).  Not until its reply did Plaintiff suggest application of Rule 60(b)(1), which allows relief for mistake or inadvertence.  Doc. 23 at 2.  Plaintiff cites no authority in support of its argument that these grounds apply in this case.

Even assuming that Plaintiff could wait until its reply to advance its Rule 60(b)(1) argument, it is unavailing.  Rule 60(b)(1) does not apply given that the court has twice addressed the sufficiency of the original complaint, Docs. 15 & 20, and once the possibility of amendment.  Doc. 20.  Rule 60(b)(1) "is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument."  Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  Counsel candidly explains that, in response to the court's orders, it recently undertook to support the complaint with factual allegations resulting in a redrafted

(amended) complaint. Doc. 23 at 2. The court concludes that none of the grounds in Rule 60(b)(1)-(5) apply, and there is not even a hint of extraordinary circumstances that might support Rule 60(b)(6) relief.

Moreover, it is doubtful that the premise of the motion, that liberal amendment is always favored, applies given the prior analysis and decision to dismiss the matter without prejudice followed by denial of the first motion for reconsideration. Cf. The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005). Essentially, by failing to draft and attach an amended complaint with the first motion for reconsideration, Plaintiff elected to stand on its initial complaint. That failing, it decided to amend the complaint with information it does not suggest was previously unavailable to it. Doc. 23 at 2.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Leave to Amend Complaint filed March 5, 2015 (Doc. 21) is denied.

DATED this 7th day of April 2015, at Santa Fe, New Mexico.

*/s/ Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation